IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | : : : | |
| | : | CIVIL ACTION |
| v. | : : | NO. 12-MC-148 |
| FARMER'S PRIDE, INC. | : | |

**SURRICK, J.**  **MARCH  18 , 2014**

## MEMORANDUM

Presently before the Court is Applicant Equal Employment Opportunity Commission's Motion for Reconsideration (ECF No. 24), and Motion to Stay (ECF No. 25), as well as Plaintiff Intervenors Christian Ramirez and Friends of Farmworkers, Inc.'s Motion to Intervene and to Alter and Amend (ECF No. 28).  For the following reasons, the EEOC's Motion for Reconsideration will be denied, the EEOC's Motion to Stay will be dismissed as moot, and Plaintiff Intervenors' Motion will be denied.

**I.    BACKGROUND**

On June 20, 2011, Christian Ramirez filed an amended charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Respondent, Farmer's Pride, Inc., discriminated against him on the basis of sex and retaliated against him, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. (Oct. 31, 2012 Mem. Op. 1, ECF No. 16.)  Ramirez alleges that his female supervisor, Adelaid Colon, sexually harassed him, and that two male supervisors, Juan Sosa and Jose Luis, sexually harassed other women employees.  (*Id.* at 2.)  In addition, Ramirez claims that Respondent unlawfully retaliated against him for complaining about the sexual harassment, ultimately forcing him to

resign. (*Id.*) The EEOC began investigating the matter, and as part of the investigation, on January 24, 2012, it issued and served Respondent with Subpoena No. PA 12-12 ("Subpoena"). (*Id.* at 3.) The Subpoena sought the names and contact information of potential witnesses and victims supervised by Sosa, as well as documents related to sexual harassment complaints filed at Respondent's Fredericksburg facility since 2008. (*Id.* at 3-4; Subpoena, Lewis Decl. Attach. 5, ECF No. 1.)[1] On January 31, 2012, Respondent filed a petition to revoke the Subpoena. (Oct. 31 Mem. Op. 4.) On April 5, 2012, the EEOC denied the petition to revoke. (*Id.*)

On May 18, 2012, seeking enforcement of the Subpoena, the EEOC filed an Application for an Order to Show Cause Why an Administrative Subpoena Should not Be Enforced ("Application"). (*Id.* at 5.) On July 13, 2012, a hearing was held on the Application. (*Id.*) At the hearing, we heard testimony from Liz Chacko, Esquire, an attorney for Friends of Farmworkers ("FOF"), who currently represents Ramirez, received exhibits, and heard arguments from counsel. (*Id.*) On July 16, 2012, the EEOC, with the Court's approval, filed a letter statement attaching further documentation concerning the Application. (*Id.*)

On October 31, we filed a Memorandum and Order granting in part and denying in part the EEOC's Application. (Oct. 31, Mem. Op.; Oct. 31, 2012 Order, ECF No. 17.) We ordered Respondent to comply with the Subpoena, but directed that a confidentiality order be entered prohibiting the disclosure of private contact information of Respondent's employees to Ramirez,

---

[1] The actual text of the subpoena requested:
(1) List all employees supervised by Juan Sosa during his tenure at Farmers Pride. Provide each employee's name, address, telephone number, job title(s), shift, and the dates supervised by Mr. Sosa.
(2) All documents related to any and all complaints of sexual harassment, whether made formally or informally, against or related to Adelaide Colon, Juan Sosa or Jose Luis. This includes all documents generated pursuant to the investigation of any complaint of sexual harassment.
(3) All documents related to any and all complaints of sexual harassment, whether made formally or informally, since January 2008.
(Subpoena.)

Chacko, and FOF or its attorneys. (Oct. 31 Mem. Op.) In the October 31, 2012 Memorandum, we analyzed whether sufficient "good cause" existed for the entry of a confidentiality order, and concluded that Respondent had submitted sufficient evidence to establish that, if the EEOC disclosed the personal information of Respondent's employees to Ramirez, Chacko, or FOF, the information may well be used for union solicitation purposes. This would result in a violation of the privacy interests of the employees. (*Id.* at 15-16.) We determined that such a violation of the employees' privacy interests was a clearly defined injury that supported the entry of a confidentiality order. (*Id.* at 16-18.) Moreover, we were not persuaded that the statutes, rules, and regulations that bind the EEOC would sufficiently protect the confidentiality of the personal information of Respondent's employees, further supporting the entry of a confidentiality order. (*Id.*)

The EEOC filed the instant Motion for Reconsideration of the Court's October 31, 2012 Order (EEOC's Mot., ECF No. 24) and the Motion to Stay the enforcement of the October 31, 2012 Order pending the resolution of the Motion for Reconsideration (Mot. Stay, ECF No. 25). Respondent filed a Response in Opposition to the Motion for Reconsideration and a Response to the Motion to Stay. (Respondent's Opp., ECF No. 26; Respondent's Resp., ECF No. 27.) Plaintiff Intervenors, Ramirez and FOF then filed a Motion to Intervene in this enforcement action. (Mot. Intervene, ECF No. 28.) The EEOC filed a Response in Opposition to the Motion to Intervene (EEOC's Opp., ECF No. 31), and Respondent also filed a Response in Opposition (Respondent's Opp. Mot. Intervene, ECF No. 32).

## II. MOTION TO INTERVENE

### A. Legal Standard

Ramirez and FOF seek intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2). A party seeking to intervene as of right must establish each of the following requirements: (1) a timely application for leave to intervene; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (4) that the existing parties to the action do not adequately represent the prospective intervener's interests. *Liberty Mut. Ins. Co. v. Treesdale, Inc.,* 419 F.3d 216, 220 (3d Cir. 2005). "Each of these requirements must be met to intervene as of right." *Mountain Top Condo. Assoc. v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 366 (3d Cir. 1995) (citation omitted).

In the alternative, Ramirez and FOF seek to intervene under Rule 24(b)(1)(B), which permits intervention when the intervening party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* at (b)(3).

### B. Discussion

#### 1. *Rule 24(a)(2)*

Ramirez and FOF contend that their Motion should be granted because they meet all four requirements of Rule 24(a)(2). The EEOC and Respondent disagree. The EEOC argues that the Motion to Intervene must be denied because Ramirez and FOF do not have a sufficient interest in the enforcement of the EEOC's administrative subpoena. Respondent sets forth a similar argument, contending that Ramirez and FOF fail to satisfy any of the Rule 24(a)(2) requirements.

4

To establish a sufficient interest for intervention, Ramirez and FOF must demonstrate an interest that relates "to the property or transaction which is the subject of the action." *Mountain Top Condo. Ass'n*, 72 F.3d at 366 (quoting Fed. R. Civ. P. 24(a)(2)). An intervener's interest must be "significantly protectable." *Id.* (quoting *Donaldson v. United States,* 400 U.S. 517, 531 (1971)). In other words, it must be a "legal interest as distinguished from interests of a general and indefinite character." *Harris v. Pernsley,* 820 F.2d 592, 601 (3d Cir. 1987) (citations omitted). "Given the limited issues addressed during a proceeding to enforce an administrative subpoena, an applicant seeking to intervene faces a substantial burden to establish [a significantly protectable interest]." *United States v. Mich. Dept. of Cmty. Health*, No. 10-mc-109, 2011 WL 2412602, at *5 (W.D. Mich. June 9, 2011). Moreover, the intervenor must demonstrate a tangible threat to the legally cognizable interest. *Harris*, 820 F.2d at 601.

Ramirez and FOF seek to intervene in the enforcement of the EEOC's administrative subpoena based on their interest in Ramirez's discrimination charge being timely investigated. While Ramirez and FOF may have a general interest in how the investigation of Ramirez's charge proceeds, they have not established that the interest is a legal one that would give them a right to intervene. *See Fekete v. U.S. Steel Corp.*, 424 F.2d 331, 334-35 (3d Cir. 1970) (quoting *Miller v. Int'l Paper, Co.*, 408 F.2d 283, 291 (5th Cir. 1969) ("The action or inaction of the EEOC cannot affect the grievant's substantive rights under the statute.")). Furthermore, even if Ramirez and FOF had established that they have a legal interest in the EEOC timely investigating Ramirez's claim, the disposition of this enforcement action does not impair Ramirez's ability to protect that interest by other means. As both the EEOC and Respondent point out, under Title VII, Ramirez can request a right-to-sue letter from the EEOC at any time and pursue an action directly against Respondent. *See* 42 U.S.C. § 2000e-5(f)(1); *Gen. Tel. Co.*

*of the Nw., Inc. v. EEOC*, 446 U.S. 318, 326 (1980) ("Under § 706(f)(1), the aggrieved person may bring his own action at the expiration of the 180-day period of exclusive EEOC administrative jurisdiction if the agency has failed to move the case along to the party's satisfaction . . . ."). Thus, if Ramirez and FOF are concerned that the EEOC's entering into a confidentiality agreement with Respondent regarding the information sought in the Subpoena will unduly delay the EEOC's investigation, Ramirez can proceed with a lawsuit against Respondent. *See Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 361 (1977) ("If a complainant is dissatisfied with the progress the EEOC is making on his or her charge of employment discrimination, he or she may elect to circumvent the EEOC procedures and seek relief through a private enforcement action in a district court."). Therefore, intervention is not necessary to insure that Ramirez's claim is timely investigated.

Similarly, FOF has no right to intervene based on the claimed interest of defending its organizational reputation. FOF contends that this enforcement action has harmed its reputation because the Court entered a confidentiality order based on false representations about FOF conduct. FOF argues that it must intervene to correct the false representations and thereby protect its interest in its reputation. We reject this argument. FOF has cited no legal authority to support the argument that its interest in protecting its reputation is sufficient for intervention. (Mot. Intervene 6-10.) In fact, courts in other circuits have determined that such an interest is insufficient. *Flynn v. Hubbard*, 782 F.2d 1084, 1093 (1st Cir. 1986) (Coffin, concurring) ("[Intervenor] merely claims a generalized injury to reputation, but identifies no legal detriment arising from [the underlying action]."); *Forsyth Cnty. v. U.S. Army Corps. of Eng'r's*, No. 08-126, 2009 WL 1312511, at *2 (N.D. Ga. May 9, 2009) ("[Intervenor's] interest in protecting its reputation . . . is not direct, substantive, or derived from a legal right. Accordingly, [interveor]

6

has not met its burden of demonstrating that it has a significant protectible interest in the litigation."); *Calloway v. Westinghouse Elec. Copr.*, 115 F.R.D. 73, 74 (M.D. Ga. 1987) ("[A] witness' interest in his reputation alone . . . does not constitute the required interest relating to the property or transaction which is the subject of the present action necessary to allow intervention as a matter of right.") (internal quotation marks omitted). In addition, any indirect economic interest stemming from harm to FOF's reputation is also not a sufficient interest. *Mountain Top Condo. Ass'n*, 72 F.3d at 366 ("[A] mere economic interest in the outcome of the litigation may be insufficient to support the right to intervene."); *Beattie ex rel. A.B. v. Line Mountain Sch. Dist.*, No. 13-2655, 2013 WL 6095488, at *2 (M.D. Pa. Nov. 20, 2013) ("[N]on-property interests, including even indirect economic interests, are often not sufficient to satisfy the interest requirement."). In any event, as noted above, it does not matter whether FOF's interest in protecting its reputation is sufficient because intervention here would still not be necessary under Rule 24(a)(2). FOF can protect its interest through a separate defamation lawsuit under state law. *N.Y. News Inc. v. Newspaper & Mail Delivers' Union of N.Y.*, 139 F.R.D. 291, 293 (S.D.N.Y. 1991).

Our determination that Ramirez and FOF have not asserted significantly protectable interests that would give them a right to intervene is further supported by their lack of standing. Neither Ramirez nor FOF have standing to dispute the enforcement of the administrative subpoena at issue. While "a party seeking to intervene need not demonstrate that he has standing," the standing principles are "relevant to help define the type of interest that the intervenor must assert." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). In the case of an administrative subpoena, "the only entities or individuals who have standing to dispute [it] are the recipient of the subpoena . . . and the target of the subpoena . . . ." *Mich.*

*Dept. of Cmty. Health*, 2011 WL 2412602, at *5 (citing *United States v. Phibbs*, 999 F.2d 1053, 1077-78 (6th Cir. 1993)). When a party is the target of an administrative subpoena, he or she "demonstrates standing to challenge administrative subpoenas issued to third parties when he [or she] can show 'a legitimate expectation of privacy attaching to the records obtained.'" *United States v. Thompson*, No. 07-303-01, 2010 WL 4641663, at *15 (W.D. Pa. Nov. 8, 2010) (quoting *Phibbs*, 999 F.2d at 1077). Here, Ramirez and FOF are not the recipient or the target of the Subpoena. Moreover, even if Ramirez or FOF claim they are the target of the subpoena, neither has alleged any legitimate expectation of privacy that would create standing.

Ramirez and FOF do not have standing and do not have a protectable interest that supports intervention as a matter of right. More significantly, the interests they do assert will not be impaired by the disposition of this enforcement action. Therefore, Ramirez and FOF have failed to establish that they are entitled to intervene as a matter of right.[2]

    2. *Rule 24(b)(1)(B)*

In the alternative, Ramirez and FOF move for permissive intervention under Rule 24(b). The granting of permissive intervention is a "highly discretionary decision" entrusted to the district court. *Treesdale*, 419 F.3d at 227. For permissive intervention to be appropriate, "the movant must have a claim or defense against the defendant with questions of law or fact in common with the main action, and not just a general interest in the subject matter or the outcome." *Whitford Land Transfer Co., Inc. v. Seneca Ins. Co., Inc.*, No. 08-71, 2008 WL 834385, at *4 (E.D. Pa. Mar. 27, 2008). Ramirez and FOF assert that they have claims that share common questions of law or fact with the enforcement action here. However, they do not actually mention the substance of those claims. Instead, they simply state that they "seek the

---

[2] Since Ramirez and FOF have failed to establish two of the four elements required for intervention under Rule 24(a)(2), we need not examine the two remaining elements. *See Harris*, 820 F.2d 601.

8

same relief sought by the Commission: this Court's reconsideration of its decision to enter a confidentiality order." (Mot. Intervene 12.) This assertion does nothing more than establish that Ramirez and FOF have a general interest in the outcome of the enforcement action, which is not sufficient to support permissive intervention. *See Whitford Land*, 2008 WL 834385, at *5. Accordingly, permissive intervention is not appropriate here, and the Motion of Ramirez and FOF will be denied.

### III.     MOTION FOR RECONSIDERATION

#### A.     Legal Standard

A party is entitled to have a court reconsider a judgment in the following circumstances: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also Interdigital Commc'ns, Corp. v. Fed. Ins. Co.,* 403 F. Supp. 2d 391, 392 (E.D. Pa. 2005). Motions to reconsider will only be granted for "compelling reasons . . . not for addressing arguments that a party should have raised earlier." *United States v. Dupree,* 617 F.3d 724, 732 (3d Cir. 2010) (internal quotations omitted).

#### B.     Discussion

The EEOC asserts that our ruling must be altered to "correct manifest errors of law and fact." (EEOC's Mot. 11.) In support of its Motion, the EEOC makes three arguments. First, that the Court failed to apply the controlling Third Circuit law set forth in *EEOC v. Kronos*, 694 F.3d 351 (3d Cir. 2012) (*Kronos II*). Second, that the Court misapplied the "good cause" standard by examining why Ramirez and FOF sought the privacy information of Respondent's

9

employees. Finally, that the Court relied on unsubstantiated assertions and inadmissible hearsay in finding that Ramirez and FOF would possibly violate the privacy interests of Respondent's employees. Respondent asserts that the EEOC's Motion is nothing more than a rehashing of arguments that were previously made and rejected.

        *1.     Application of Controlling Third Circuit Law*

The EEOC claims that our ruling was inconsistent with *Kronos II*. In our October 31, 2012 Memorandum, we acknowledged that in *Kronos II*, the Third Circuit held that the lower court did not abuse its discretion in entering a confidentiality order based, in part, on the need to protect private individuals' contact information. (Oct. 31 Mem. Op. 17 n.7.) We properly considered *Kronos II* and determined that it did not affect our reliance on the lower court case, *EEOC v. Kronos*, No. 09-mc-0079, 2011 WL 1085677 (W.D. Pa. Mar. 21, 2011), which we cited for the proposition that a confidentiality order can be properly entered to protect private individuals' contact information. (Oct. 31 Mem. Op. 17.) The EEOC now appears to be unhappy with our interpretation of *Kronos II* and would prefer that we adopt a narrower holding. (EEOC Mot. 11-12.) However, dissatisfaction with a court's ruling is not a proper basis for reconsideration. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) ("[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked . . . It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.") (internal quotations omitted). This issue was previously considered and discussed in our October 31, 2012 Memorandum. We will not address it again.

In addition, we reject the EEOC's assertion that we erred in entering a confidentiality order here because *Kronos II* prohibits an entry of a confidentiality order that does not allow the

10

EEOC to perform an analysis under the Freedom of Information Act ("FOIA") to determine whether information can be disclosed to a third party. (EEOC Mot. 13-14.) In *Kronos II*, the EEOC entered into a stipulation that it would not disclose any of the subpoenaed information to the charging party or her agents. 694 F.3d at 367. The Third Circuit took no issue with that stipulation. Instead the Third Circuit took issue with the lower court's confidentiality order that contained too broad of a definition of "Confidential Information" so that documents that the parties had no privacy interest in could be exempt from FOIA disclosure. 694 F.3d at 367-68. The confidentiality order here is different from that in *Kronos II*. Our order is limited and covers only information that implicates privacy interests. In fact, our confidentiality order is strikingly similar to the stipulation that the EEOC entered in *Kronos II* that did not concern the Third Circuit. We fail to see how *Kronos II* is inconsistent with our determination.

2. *Application of "Good Cause" Standard*

The EEOC next asserts that the Court erred in analyzing Ramirez's and FOF's purpose for seeking the personal contact information of Respondent's employees, instead of analyzing the EEOC's purpose. One factor that the Court should consider in determining whether "good cause" exists for entry of a confidentiality order is "whether the information being sought is for a legitimate purpose." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). The EEOC asserts that because the EEOC is the party requesting the information, we should have considered the EEOC's purpose in seeking the information, not the purpose of Ramirez and FOF. (EEOC's Mot. 12-13.) According to the EEOC, it seeks the information for a proper purpose and thus this factor should weigh against entry of a confidentiality order. The EEOC's argument misses the point.

In determining whether a confidentiality order is proper, the district court must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled. *Pansy*, 23 F.3d at 787 (citation omitted). While the Third Circuit in *Pansy* set forth a number of factors to consider in the balancing test, those factors are not exhaustive. *Id.* at 789. The Third Circuit specifically noted that district courts should have discretion to evaluate competing considerations in light of the facts of individual cases because district courts are in the best position to prevent the overly broad use or unnecessary denial of confidentiality orders. *Id.* at 789 (citation omitted).

To interpret the *Pansy* factors, as the EEOC suggests, would have us focus on irrelevant factors. In this case, the confidentiality order being sought seeks to protect certain information from reaching Ramirez and FOF. Thus, the reasons Ramirez and FOF may seek that information is certainly relevant. If the information is truly sought for a legitimate purpose, the Court would be less inclined to enter a confidentiality order. On the other hand, the purpose behind the EEOC seeking that same information is far less relevant because no one contends that the EEOC should not receive the information. We will not focus on which party "requested" the information in the subpoena, as the EEOC suggests, and ignore the actual factors that shed light on whether uncontrolled disclosure will create an injury. The EEOC's argument is unconvincing and the cases that it cites are easily distinguished. For example, the EEOC specifically cites to *Arnold v. Pennsylvania Dep't of Transportation*, 477 F.3d 105, 109-10 (3d Cir. 2007), where the Court considered whether the party requesting the information was seeking information for a legitimate purpose. However, the EEOC failed to recognize that the confidentiality order at issue in *Arnold* would have inhibited the "requesting party" from obtaining the information sought. In this case,

the "requesting party" will receive the sought after information regardless of whether the confidentiality order is entered. This is a significant difference.

Here, Respondent offered evidence that Ramirez and FOF would possibly use the personal contact information of Respondent's employees for improper purposes, such as union solicitation. This would violate the employees' privacy interests. This evidence is clearly relevant to whether a confidentiality order protecting the personal contact information from reaching Ramirez and FOF is appropriate. It is evidence that is properly considered as part of the good cause balancing test. Contrary to the EEOC's assertions, we did not attribute the conduct of Ramirez and FOF to the EEOC. Rather, we evaluated and balanced the *Pansy* factors in light of the facts and circumstances before us, finding that the entry of a confidentiality order was appropriate to protect Respondent's employees from a clearly defined injury.[3]

### 3. The Court's Factual Findings

The EEOC's final argument is that the Court's factual findings are not supported in the record. A motion for reconsideration may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). And litigants should recognize that what may seem to be a "clear error of law or fact" may simply be a disagreement between the Court and the litigant, which does not justify reconsideration. *See id.* at 782-83. The EEOC clearly disagrees with our factual findings. However, that is not a proper reason for reconsideration. The EEOC's last argument is nothing more than an attempt to

---

[3] Good cause for a confidentiality order exists here, regardless of why the information was sought, because the harm that would result if Ramirez and FOF misused Respondent's employees' personal information outweighs the EEOC's legitimate purpose in seeking the information. *Kronos II*, 694 F.3d at 368 ("[T]he legitimate purpose and interest in information-sharing cannot outweigh the tremendous harm to Kronos that could result from the disclosure of Kronos's proprietary information.").

13

re-litigate contested facts for which we already examined evidence, heard testimony, and issued our findings. We reject the EEOC's argument that our factual determinations are incorrect.

## IV. CONCLUSION

For the foregoing reasons, Ramirez and FOF's Motion to Intervene and the EEOC's Motion for Reconsideration will be denied.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**